**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

FRANK FARINA,                          :
                                       :     Civil Action No. 05-4270 (WJM)
            Petitioner,                :
                                       :
            v.                         :     **OPINION**
                                       :
RONALD H. CATHEL, et al.,              :
                                       :
            Respondents.               :


**APPEARANCES:**

        FRANK FARINA, Petitioner <u>Pro</u> <u>Se</u>
        SBI #498303B/SS No. 238350
        New Jersey State Prison
        W. Compound, Two Right
        3rd and Federal Streets, P.O. Box 861
        Trenton, New Jersey 08625-0861

        LINDA K. DANIELSON, ESQ.
        Office of the New Jersey Attorney General
        Appellate Bureau
        P.O. Box 086
        Trenton, New Jersey 08625
        Counsel for Respondents

**MARTINI**, District Judge

    This matter is before the Court on Petitioner Frank Farina's

petition for habeas corpus relief under 28 U.S.C. § 2254.  For

reasons discussed below, the petition for habeas corpus relief

will be dismissed as time-barred pursuant to 28 U.S.C. § 2244(d).

I.   PROCEDURAL BACKGROUND

Petitioner, Frank Farina ("Farina"), was indicted by an Essex County Grand Jury on September 26, 1990, on charges of first degree robbery (count one), murder (count two), felony murder (count three), unlawful possession of a weapon (count four), and possession of a weapon for an unlawful purpose (count five).  (Ra23, Petitioner's brief on appeal from denial of second state post-conviction relief ("PCR") petition).[1]  Farina was tried before a jury in 1991 and was found guilty on all counts. He was sentenced to twenty years in prison with a 10-year parole disqualifier on the armed robbery conviction, and a consecutive term of life in prison with a 30-year parole disqualifier on the murder conviction.  The remaining convictions were merged for the purpose of sentencing.  (Ra19, February 25, 1999 Appellate Division Opinion affirming denial of first state PCR petition).

Farina filed a direct appeal from his conviction and sentence to the New Jersey Appellate Division, and his conviction was affirmed in an Opinion filed on July 15, 1994.[2]  (Ra3, July

_____

[1]   "Ra" denotes reference to the state court record provided by the respondents.

[2]   The State had cross-appealed with respect to the trial court's merger of Farina's conviction for unlawful possession of a firearm into the murder conviction for purposes of sentencing. The Appellate Division held that a conviction for unlawful possession of a firearm does not merge with convictions for crimes the defendant committed with the unlicensed weapon.  State v. Cooper, 211 N.J. Super. 1, 22 (App. Div. 1986); State v. Anderson, 198 N.J. Super. 340, 358 (App. Div.), certif. denied,

15, 1994 Appellate Division Opinion affirming conviction on direct appeal).  The New Jersey Supreme Court denied certification on December 13, 1994.  (Ra6, December 13, 1994 Order of the Supreme Court of New Jersey).

Thereafter, on or about September 12, 1996, Farina filed his first PCR petition in state court.  The Honorable Thomas A. Brown, J.S.C. Superior Court of New Jersey, Law Division, Essex County, denied the PCR petition by Order filed on February 28, 1997.[3]  (Ra7).  Farina appealed from that decision, and the New Jersey Appellate Division affirmed denial of post-conviction relief in an Opinion filed on February 25, 1999.  (Ra19).  Farina did not file a petition for certification with the New Jersey Supreme Court.

On or about June 3, 1997, after his first PCR petition was denied by Judge Brown, Farina filed a motion for a new trial based upon newly discovered evidence, primarily involving the recantation of testimony by a material witness, Robert Dawson, one of the participants in the crimes for which petitioner was convicted.  An evidentiary hearing was held on September 5, 1997, and Judge Brown denied the motion for a new trial.  (Ra40).

---

101 N.J. 283 (1985).  Accordingly, the Appellate Division vacated and reversed the merger of count four, and remanded the matter for resentencing.  Otherwise, the conviction was affirmed.  (Ra3 at pp. 25-26).

[3]  A hearing also was conducted on February 27, 1997. (Ra39).

Farina filed pro se applications with the Appellate Division, on August 11, 1998 and November 17, 1998, seeking joinder of his appeal from the denial of a new trial with his then-pending appeal from denial of post-conviction relief. (Ra10; Ra13). The Appellate Division denied these applications, without opinion, by Orders filed on November 30, 1998 and February 22, 1999 (Ra15; Ra18).

Farina filed a second state PCR petition on or about January 1, 2003.[4] Oral argument was presented before the trial judge, the Honorable Thomas C. Brown, J.S.C., on June 24, 2003, who denied the second PCR petition, without an evidentiary hearing, on the ground that it was procedurally barred under N.J.Ct.R. 3:22-12. (Ra42, June 24, 2003 Transcript, 11:18-18:1). Farina appealed this decision on July 23, 2003, which was dismissed by the Appellate Division by Order filed October 22, 2003. (Ra20). Farina moved to reinstate his appeal, and the Appellate Division granted the motion to reinstate on December 18, 2003. (Ra21; Ra22). After reviewing Farina's brief and the State's responding brief, the Appellate Division affirmed the trial court's denial of the second PCR petition, by Opinion filed on July 8, 2004. (Ra25). Farina filed a petition for certification with the

---

[4] The State alleges that the second PCR was not received for filing until April 3, 2003. However, Farina signed and dated his PCR petition on January 1, 2003. This Court will adopt the earlier date as the filing date, pursuant to the "prison mailbox rule" discussed in footnote 5 of this Opinion, infra.

Supreme Court of New Jersey on July 12, 2004.  (Ra26).  The New

Jersey Supreme Court denied certification on October 14, 2004.

(Ra28).

Farina submitted this federal habeas petition under 28

U.S.C. § 2254 on August 29, 2005.[5]  Respondents answered the

petition on April 11, 2006.

II.  <u>STATEMENT OF CLAIMS</u>

In his petition, Farina raises the following claims in

support of application for habeas relief:

Ground One: Trial court's failure to excuse a juror denied

petitioner of his right to due process and a fair and impartial

jury.

---

[5]  Pursuant to the "prison mailbox rule," a habeas petition
is deemed filed on the date the prisoner delivers it to prison
officials for mailing, not on the date the petition is ultimately
filed with the court.  <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266, 270-71
(1988); <u>see also</u> <u>Burns v. Morton</u>, 134 F.3d 109, 112-13 (3d Cir.
1998) (applying prison mailbox rule set forth in <u>Houston</u>, which
dealt with filing of an appeal, to a pro se prisoner's filing of
a habeas petition).  Although the Court is unable to determine
from the face of the petition the exact date that Farina handed
his petition to prison officials for mailing, Farina signed the
petition on August 29, 2005.  <u>See</u> <u>Henderson v. Frank</u>, 155 F.3d
159, 163-64 (3d Cir. 1998) (using date prisoner signed petition
as date he handed it to prison officials for purposes of
calculating timeliness of habeas petition).  Accordingly, the
Court finds that August 29, 2005, rather than September 1, 2005
(the date the petition was received in the Clerk's office), was
the date this petition was filed for purposes of calculating the
timeliness of the petition.

Ground Two: Ineffective assistance of trial counsel in failing to introduce into evidence the sworn testimony of a co-defendant, or move for a grant of use immunity.

Ground Three: Trial Court erred in failing to instruct the jury properly on the felony murder and robbery charges, denying petitioner his right to a fair trial and due process.

Ground Four: Petitioner was denied his right to an impartial jury when the trial court failed to conduct a jury voir dire after learning of the jurors' exposure to extra-judicial material in the jury room during trial.

Ground Five: Petitioner was denied his right to a fair trial and due process, and the right to confront witnesses when the State suppressed evidence favorable to petitioner and suborned perjury.

Ground Six: Ineffective assistance of counsel in failing to conduct a proper investigation of the case during trial, on appeal and during post-conviction relief proceedings.

Ground Seven: The cumulative effect of the above-alleged errors deprived petitioner of due process and his constitutional right to a fair and impartial trial.[6]

The State answered the petition asserting several affirmative defenses.  First, the State contends that the action

---

[6]  All of the claims asserted by petitioner appear to have been raised and fully presented on state court review.

is time-barred. Second, the State asserts that Farina does not demonstrate a violation of federal constitutional dimension, and fails to raise federal issues cognizable in a § 2254 proceeding in his claims under Ground Three and Ground Six. Third, the State contends that Grounds Five, Six and Seven of the petition are procedurally defaulted and should be dismissed. The State also contends that petitioner's claims are without substantive merit.

### III. <u>STANDARD OF REVIEW</u>

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. <u>See</u> <u>Royce v. Hahn</u>, 151 F.3d 116, 118 (3d Cir. 1998); <u>Lewis v. Attorney General</u>, 878 F.2d 714, 721-22 (3d Cir. 1989); <u>United States v. Brierley</u>, 414 F.2d 552, 555 (3d Cir. 1969), <u>cert. denied</u>, 399 U.S. 912 (1970).

### IV. <u>STATUTE OF LIMITATIONS ANALYSIS</u>

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

7

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Section 2244(d) became effective on April 24, 1996 when the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law.  See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998); Duarte v. Herschberger, 947 F. Supp. 146, 147 (D.N.J. 1996).  The Third Circuit has ruled that state prisoners whose convictions became final before the April 24, 1996 enactment of AEDPA are permitted one year, until April 23, 1997, in which to file a federal habeas petition under § 2254.  See Burns, 134 F.3d at 111.  See also Lindh v. Murphy, 521 U.S. 320, 326-27 (1997)("[t]he statute reveals Congress' intent to apply the amendments to chapter 153 only to such cases as were filed after the statute's enactment").

Thus, pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by

8

the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

As noted above, where a conviction became final prior to April 24, 1996, the effective date of § 2244(d), a state prisoner has a one-year grace period after that effective date to file a § 2254 petition.  Burns, 134 F.3d at 111.  However, that limitations period is tolled during the time a properly filed application for state post-conviction relief is pending.  28 U.S.C. § 2244(d)(2).  An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed,"[7] during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002),

_____

[7] An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar.  Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (footnotes and citations omitted).

and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24. Nevertheless, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

The limitations period of § 2244(d) is also subject to equitable tolling. Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 122 S.Ct. 323 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).[8] However, the one-year limitations period in § 2244(d)(1) can only be equitably tolled when a petitioner has "exercised reasonable diligence in investigating and bringing the claims." Miller, 145 F.3d at 618.

---

[8]   Equitable tolling applies:

> only when the principles of equity would make the rigid application of a limitation period unfair.  Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights.  The petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims.  Mere excusable neglect is not sufficient.

Miller, 145 F.3d at 618-19 (citations omitted).

10

Excusable neglect is insufficient; rather, petitioner must in some extraordinary way demonstrate that he was prevented from asserting his rights. Id. There are three enumerated circumstances that would permit equitable tolling in the instant case: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; or (3) the petitioner timely asserted his rights in the wrong forum. Jones, 195 F.3d at 159. The Third Circuit has expressly held that, in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling. Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002), cert. denied 538 U.S. 1022 (2003); Fahy, 240 F.3d at 244.

Among other things, the Court of Appeals for the Third Circuit has held that equitable tolling may be appropriate "if the plaintiff has timely asserted his rights mistakenly in the wrong forum," i.e., if a petitioner has filed a timely but unexhausted federal habeas petition. Jones, 195 F.3d at 159. See also Duncan v. Walker, 533 U.S. 167, 183 (2001) (Stevens, J., joined by Souter, J., concurring in part) ("neither the Court's narrow holding [that the limitations period is not statutorily tolled during the pendency of a premature federal habeas petition], nor anything in the text or legislative history of

AEDPA, precludes a federal court from deeming the limitations period tolled for such a petition as a matter of equity"); 533 U.S. at 192 (Breyer, J., dissenting, joined by Ginsburg, J.) (characterizing Justice Stevens's suggestion as "sound").

Here, Farina's judgment of conviction became final before the enactment of AEDPA on April 24, 1996.  Therefore, Farina had one year from April 24, 1996, or until April 24, 1997, to bring his federal habeas petition under § 2254.

However, this Court also finds that there was statutory tolling of the limitations period under § 2244(d)(2) before April 24, 1997, when Farina filed his first state PCR application on or about September 12, 1996.  Thus, the limitations period ran for 183 days, from April 24, 1996 to September 12, 1996, when the limitations period was tolled.

The State argues that the statutory period was tolled until February 25, 1999, when the Appellate Division affirmed the trial court's denial of Farina's first state PCR petition.  Because Farina did not seek certification to the New Jersey Supreme Court, Farina had until August 26, 1999 to file his federal habeas petition (the remaining 182 days [365 days minus 183 days = 182 days] from February 25, 1999).  Farina did not file his petition until August 29, 2005, almost six years after the limitations period had expired.

The State also argues that Farina's second state PCR petition did not serve to further toll the limitations period for two reasons. First, the limitations period had expired on August 26, 1999 well before Farina filed his second PCR petition on January 1, 2003. Second, the State contends that the second PCR petition was not "properly filed" for purposes of statutory tolling under 28 U.S.C. § 2244(d)(2) because it was untimely and procedurally barred, as determined by both the state trial PCR court and the Appellate Division.  See Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005)("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."); Satterfield v. Johnson, 434 F.3d 185, 191-92 (3d Cir. 2006)(quoting Carey v. Saffold, 536 U.S. at 226), cert. denied, __ U.S. __, 2006 WL 1881221 (U.S., Oct. 2, 2006).

This Court agrees that Farina's habeas petition is time-barred for the reasons set forth by the State.  Moreover, even if the Court were to find that Farina's second PCR petition was timely filed and served to toll the limitations period until the proceedings were concluded on October 14, 2004, when the New Jersey Supreme Court denied certification, this action is still untimely.

As set forth above, the limitations period ran for 183 days, from April 26, 1996 until September 12, 1996, when it was tolled under § 2244(d)(2) at the filing of Farina's first PCR petition.

13

Thus, Farina had 182 days remaining on his one-year limitations period.  Accepting for sake of argument that the second PCR petition was timely filed and tolled the limitations period, Farina had 182 days from October 14, 2004 (the date the New Jersey Supreme Court denied certification on the appeal from denial of the second PCR petition), or until April 14, 2005 to timely file his federal habeas petition.  See Stokes, 247 F.3d at 542 (the "time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244 (d)(2)").  Farina did not file his § 2254 habeas petition until August 29, 2005, more than four months after the statutory period had expired.

Section 2244(d)(1) clearly provides that a § 2254 petition must be filed within one year of the latest of four events, the one relevant here being "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  See Johnson, 314 F.3d at 161.  In Johnson, the Third Circuit, under similar circumstances, affirmed the district court's dismissal of Johnson's § 2254 petition as time-barred.  The court found that the statutory period ran for 222 days until Johnson had filed his petition for post-conviction relief in state court.  At that point, the

statutory period was tolled pursuant to 28 U.S.C. § 2244(d)(2),
until the New Jersey Supreme Court denied Johnson's petition for
certification, and Johnson then had the remaining 143 days in
which to timely file his federal habeas petition.  Johnson, 314
F.3d at 161.  The Third Circuit noted that § 2244(d)(2)'s tolling
provision excludes the time during which a properly-filed state
PCR petition is pending, but it does not reset the date from
which the one-year limitations period begins to run.  Id. at 162
(citing Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.), cert.
denied, 531 U.S. 840 (2000)).  Consequently, Farina's federal
habeas petition is time-barred.

     Additionally, this Court finds that Farina offers no
legitimate  excuses, extraordinary or otherwise, for equitable
tolling under these circumstances.  At best, it would appear that
Farina miscalculated the statutory period when he failed to count
the time his limitations period began to run after his conviction
became final under AEDPA, on April 24, 1996 and before he filed
his first state PCR petition on September 12, 1996, which served
to toll the limitations period under 28 U.S.C. § 2244(d)(2).
Miscalculation of the statutory period does not constitute
extraordinary circumstances to permit equitable tolling.  Fahey,
240 F.3d at 244.  Moreover, even if Farina was ignorant of the
fact that the limitations period began to run on April 24, 1996
when his conviction became final under AEDPA, ignorance of the

15

law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.  Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001).  Courts have been loathe to excuse late filings simply because a pro se prisoner misreads the law.  Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001); see also Jones, 195 F.3d at 159-60.  Accordingly, Farina does not demonstrate any extraordinary circumstances that would permit the equitable tolling of the one-year statute of limitations, and his habeas petition should be dismissed accordingly as time-barred.

However, Farina alternatively argues that the claims asserted in Ground Five[9] of his petition are not time-barred, pursuant to 28 U.S.C. § 2244(d)(1)(D), because the claims are based on after-discovered evidence allegedly withheld by the State during Farina's trial and later revealed by one of the co-defendants tried separately, Franco Palmieri.  This statutory section provides that:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
>
> ...

---

[9]  Farina asserts that he was denied a fair trial and due process, and the right to confront witnesses, when the State suppressed evidence favorable to petitioner and suborned perjury.

16

> (D) the date on which the factual predicate of the
> claim or claims presented could have been discovered
> through the exercise of diligence.

28 U.S.C. § 2244(d)(1)(D).

In <u>Fielder v. Varner</u>, 379 F.3d 113 (3d Cir. 2004), <u>cert</u>.

<u>denied</u>, 543 U.S. 1067 (2005), the Court of Appeals for the Third

Circuit held that a claim falling under § 2244(d)(1)(D) would be

timely if it was presented for federal habeas review within one

year of the date of discovery through the exercise of due

diligence, but the other habeas claims not falling within this

exception would remain time-barred.  379 F.3d at 117-120 (holding

that the timeliness of federal habeas petitions should be

determined on a claim-by-claim basis).

The State argues that this statutory exception does not

apply in this instance because the information Palmieri disclosed

to Farina in late 2002 could have been discovered much earlier

through diligent inquiry.  Franco Palmieri was tried before

Farina and acquitted of the robbery and felony murder charges

presumably based on Lt. Robert Hochstuhl's testimony at

Palmieri's trial that the victim still had $16.00 in his jacket

pocket after the incident.[10]  The State suggests that, because

Palmieri's trial occurred before Farina's trial, the factual

---

[10]   Lt. Hochstuhl did not testify at Farina's trial.
Further, there was a supplementary investigation report by Sgt.
Mastroeni, allegedly withheld by the State, which indicated some
money had been found on the victim.  This report had been
obtained and used at Palmieri's trial, but not at Farina's trial.

17

predicate for Farina's Ground Five claims could have been discovered through diligence before the time Farina claims he learned of it through Palmieri himself.  Moreover, this evidence that some money remained on the victim does not overcome the fact that $32.00 was unaccounted for, indicating theft, and leaving Farina in relatively the same position in 2002-2003 as he was during trial, direct appeal and his first PCR proceedings.

The State further argues that Palmieri likely was acquitted on the robbery/felony murder charges because he had stayed in the car and did not participate in the actual robbery and homicide as did co-defendant Dawson and Farina.

Based on careful review of the state court record, this Court finds that Farina has not demonstrated that his "newly discovered" evidence falls within the exception under § 2244(d)(1)(D).  All of the evidence allegedly discovered sometime in late 2002 through Palmieri either was known to Farina long beforehand, or would have been discovered far earlier through diligent inquiry.

For instance, in June 1997, Farina filed a motion for a new trial based on newly discovered evidence from co-defendant Dawson who recanted his trial testimony.  The motion was denied by the trial court on September 5, 1997.  The trial court found Dawson's recantation to be "totally unbelievable."  (Ra40, September 5, 1997 Transcript, 86:10-11).  Moreover, the court found that even

18

if Dawson's recantation was credible, it would have no effect on
the jury's verdict because Dawson still implicated Farina as an
aider and abettor in the commission of the robbery.  Further,
although Dawson stated that there was no robbery, there was
evidence presented at trial before the jury to indicate a robbery
had occurred.  (Ra40, 86:12-24).  Accordingly, this Court finds
that any claim based on the discovery of evidence allegedly
negating the charge of robbery was made known or could have been
discovered as a result of Dawson's recantation, which occurred
well before the one-year statutory period under § 2244(d) expired
in August 1999.

Next, in his second PCR petition filed on January 1, 2003,
Farina argued that the State had suppressed a supplemental police
report which was favorable and exculpatory.  He also claimed that
the State had used perjured testimony at trial.[11]  Farina's
second PCR petition was denied on June 24, 2003.  In its July 8,
2004 Opinion affirming the denial of the PCR petition, the
Appellate Division found no merit to Farina's substantive
arguments:

> There is no merit to defendant's claim that had Sgt.
> Mastroeni's supplementary investigation report been obtained
> and used by defense trial counsel, as it had in co-defendant
> Palmieri's trial, defendant would have been acquitted of
> robbery and, accordingly, felony murder.  The judge had
> ample basis to conclude there was no [Brady v. Maryland, 373

---

[11]  These allegations are the basis for Farina's claims
asserted in Ground five of this habeas petition.

U.S. 83 (1963)] violation by the State or evidence that
Barbara Wheeler lied in her testimony as to defendant's
admission that he robbed the attendant and shot him to avoid
identification.  The presence of money in the zippered
pocket of the victim's uniform, as noted in the supplemental
report, which could have been gas station receipts or
personal money, does not negate Wheeler's testimony that
defendant took $40.00 from the victim.  Nor would evidence
of a fuel spill at the station on the date of the incident
have exculpated defendant of robbery.  Even under
defendant's best scenario, there would still be money
unaccounted for, which would justify a conviction for
robbery.  The evidence of defendant's guilt of robbery and
murder was overwhelming. ...

... It is clear from the trial record and from issues
raised on direct appeal and the first PCR application that
trial counsel tried to make use of the result of the
Palmieri trial to benefit defendant. ...  Furthermore, the
jury may have acquitted Palmieri of robbery and felony
murder based on evidence that Palmieri stayed in the car as
the getaway driver and only defendant and co-defendant
Dawson participated in the actual robbery and shooting of
the attendant.

(Ra25, July 8, 2004 Appellate Division Opinion at pp. 5-6).

Thus, based on the state court's ruling, this Court finds

that the factual predicate for petitioner's Ground Five claims

was plainly known or discoverable during Farina's trial, direct

appeal, and first PCR proceedings, because all of the information

pertaining to the robbery issue were raised and presented in

Palmieri's trial, which took place before Farina's trial.

Consequently, there was nothing new offered by Palmieri in late

2002 that would constitute "newly discovered" evidence necessary

to invoke the exception under § 2244(d)(1)(D), as claimed by

Farina.

Further, the state courts rejected Farina's claims raised in his second PCR motion in 2003 (based on the same claims asserted in Ground Five of this petition) as time-barred under N.J.Ct.R. 3:22-12.  The Appellate Division held:

> Judge Brown properly invoked Rule 3:22-12 to find the petition was time-barred because the petition was filed twelve years after entry of the judgment of conviction.[12] He found no excusable neglect to relax the five-year time bar.  Defendant's second PCR petition was filed fatally out of time and need not have been considered on the merits.  We find no excusable neglect, no fundamental injustice, and no deprivation of constitutional rights sufficient to warrant relaxation of the five-year bar on the filing of a petition for post-[conviction] relief.

(Ra25, July 8, 2004 Appellate Division Opinion at pg. 4).

This state court ruling suggests that there was no evidence, newly discovered or otherwise, that would serve to excuse Farina's late filing for post-conviction relief.  The state court's determination that Farina's claims were time-barred provides further support for this Court's finding that Farina's Ground Five claims are not timely and do not fall within the exception under § 2244(d)(1)(D).  Therefore, for all of the reasons stated above, this Court concludes that Farina failed to file a timely petition and demonstrates no extraordinary circumstances that would allow equitable tolling on any of the claims asserted.  Accordingly, because Farina's § 2254 habeas

---

[12]   Judge Brown denied the second PCR petition in an oral decision following argument at the hearing held on June 24, 2003. (Ra42).

petition is time-barred under § 2244(d), this Court is precluded from reviewing the petition and it will be dismissed with prejudice.

## IV.   CERTIFICATE OF APPEALABILITY

The Court next must determine whether a certificate of appealability should issue.  See Third Circuit Local Appellate Rule 22.2.  The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

When a court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable:  (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  Id.

For the reasons discussed above, this § 2254 habeas petition is clearly time-barred.  The Court also is persuaded that reasonable jurists would not debate the correctness of this

conclusion.  Consequently, a certificate of appealability will not be issued.

CONCLUSION

For the foregoing reasons, this Court finds that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is time-barred pursuant to 28 U.S.C. § 2244(d); and the Court will dismiss the petition accordingly.

No certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c)(2).  An appropriate order follows.


s/William J. Martini

WILLIAM J. MARTINI
United State District Judge

Dated: 10/25/06